**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

MICHAEL HERSHKOWITZ, individually
and on behalf of all others similarly situated.

Plaintiff(s)

VS.                                                          Case No. 4:25-cv-01233

CLARITY DEBT RESOLUTION, INC.

Defendants

**MOTION TO DISMISS**
**THE CLASS ACTION COMPLAINT**

Comes Now, Defendant Clarity Debt Resolution, Inc. by and through undersigned counsel, and pursuant to Federal Rules of Civil Procedure, Rule 8(a) and Rule 12(b)(6) hereby files this Motion to Dismiss the Class Action Complaint for failure to state a claim and for good cause states as follows.

Plaintiff Michael Hershkowitz filed a Class Action Complaint ("Complaint") as a representative of a class of individuals to stop Defendant Clarity Debt Resolution, Inc. (hereinafter "Clarity") from violating the Telephone Consumer Protection Act ("TCPA") by placing telemarketing calls to consumers without consent. Plaintiff Hershkowitz claims monetary and injunctive relief for himself and members of the class.

Plaintiff makes only conclusory allegations about violations of the TCPA. Plaintiff's "factual" claims are vague and provide only a tenuous connection to Defendant Clarity.   Plaintiff alleges that he received calls from approximately 50 different telephone numbers. Plaintiff does not identify the owner of any of these telephone numbers.  He identifies two different voicemails that he received from 3 of the 50 numbers.  The voicemails alleged do not mention Clarity or any other company.

A complaint must provide the defendant with fair notice of what each claim is and the ground on which each claim rests. *Gomez v. Wells Fargo Bank, N.A.*, 676 F.3d 655, 665 (8th Cir. 2012).  Plaintiff's sole allegation about Clarity is that he called one telephone number and after 30 minutes, an individual identified as  "an employee" of an unidentified employer allegedly said that Clarity was "behind the voicemails."  What does that mean? How were they "behind" the voicemails? Which voicemails? How would that "employee" know? What was that "employee's" relationship to Clarity?  There is simply insufficient information for Defendant Clarity formulate a defense.

Notably, Plaintiff fails to allege that Clarity "made" the telephone calls to his number.  The TCPA provides: "It shall be unlawful for any person … **to make any call** (other than a call … made with the prior express consent of the called party) … using any automatic telephone dialing system or an artificial or prerecorded voice—

… to any telephone number assigned to a … cellular telephone service … for which the called party is charged for the call….” 42 U.S.C. §227(b)(1)(A)(iii).

The TCPA also makes it "unlawful for any person ... to initiate any telephone call" that violates its relevant prohibitions. § 227(b)(1)(B). 42 U.S.C. § 227(b)(1)(B).

 “Thus, to be held directly liable, the defendant must be the one who "initiates" the call. Neither the TCPA nor the FCC rules define the term "initiate." *See In re Dish Network*, LLC , 28 F.C.C. Rcd. 6574, 6583 (2013). But the FCC has concluded that "a person or entity ‘initiates’ a telephone call when it takes the steps necessary to physically place a telephone call." *Id*.” *Golan v. FreeEats.com, Inc*., 930 F.3d 950, 960 (8th Cir. 2019).

Plaintiff has not pleaded any facts from which the Court could infer that Defendant Clarity made or took steps to physically place the 50 plus telephone calls at issue.   Defendant Clarity has been dragged into court to defend a case action on the basis of an unknown person making a vague statement about a connection to Clarity at the end of a 30 minute phone call, the rest of the contents of which are omitted.

Plaintiff has failed to meet the pleading standard of FRCP Rule 8(a) and his Complaint should be dismissed for failure to state a claim under FRCP Rule 12(b)(6).

WHEREFORE, for the reasons set forth above and in the accompanying Memorandum in Support of the Motion to Dismiss, Defendant Clarity Debt

Resolution, Inc. respectfully requests that this Honorable Court dismiss Plaintiff's

Complaint with prejudice and order such other relief as is just and reasonable.

Respectfully submitted,

October 10, 2025
/s/ Ellen Fox Davis
Ellen Fox Davis* #9406230074 (MD)
*Counsel for Defendant*
*Clarity Debt Resolution, Inc.*
Shipkevich PLLC
521 Fifth Avenue, Ste 1700
New York, NY 10175
Tel: 301-467-4299
Fax: +1 888-568-5815
edavis@shipkevich.com
*Pro Hac Vice Appearance*

## CERTIFICATE OF SERVICE

l HEREBY CERTIFY that on this 10th day of October, 2025, the foregoing Motion to Dismiss the Class Action Complaint, the Memorandum in Support of the Motion and the Proposed Order  were served on all counsel via Pacer's ECF filing system.

/s/ Ellen Fox Davis
Ellen Fox Davis

4