**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

MICHAEL HERSHKOWITZ, individually
and on behalf of all others similarly situated.

Plaintiff(s)

VS. Case No. 4:25-cv-01233

CLARITY DEBT RESOLUTION, INC.

Defendants

**MEMORANDUM IN SUPPORT OF**
**MOTION TO DISMISS THE CLASS ACTION COMPLAINT**

Comes Now, Defendant Clarity Debt Resolution, Inc., by and through undersigned counsel, and pursuant to Federal Rules of Civil Procedure Rule 8(a) and Rule 12(b)(6), hereby files this Memorandum in Support of its Motion to Dismiss the Class Action Complaint for failure to state a claim and for good cause states as follows.

## I. INTRODUCTION

Plaintiff Michael Hershkowitz filed a Class Action Complaint ("Complaint") as a representative of a class of individuals to stop Defendant Clarity Debt Resolution, Inc. (hereinafter "Clarity") from violating the Telephone Consumer Protection Act ("TCPA") by placing telemarketing calls to consumers without consent. Plaintiff Hershkowitz claims monetary and injunctive relief for himself and members of the class. Plaintiff Hershkowitz is the only identified member of the proposed classes.

Plaintiff's claims fail because he has failed to even allege that Clarity made the calls referenced in his Complaint. Plaintiff's allegations are conclusory and do not connect

Clarity to the calls allegedly made to him. Plaintiff makes a conclusory allegation that Clarity places calls to consumers to generate business. *See Complaint at ¶ 15*. Then Plaintiff provides a chart showing approximately fifty (50) phone numbers from which he allegedly received calls over a two-month period. *Id.* at ¶ 28. Plaintiff describes the voice mails left for him, none of which identify Clarity by name. *Id.* at ¶¶ 30, 33, 36. Finally, Plaintiff alleges that he made one return call to one of the numbers that allegedly phoned him and that he was "on the phone with an employee for over 30 minutes trying to confirm the name of the company behind all the voicemails." *Id*. at ¶41. The alleged "employee" is unnamed and no "employer" is identified in Plaintiff's Complaint. Then, it is alleged, "[t]oward the end of the call, the employee told Plaintiff that the company name is Clarity Debt Resolution and that the company is located in Irvine, California." *Id*. at ¶42. Again, the employee of whom? What does it mean that Clarity is allegedly "behind all the voicemails?" Plaintiff's claims are vague and do not provide information from which Clarity can formulate defense.

Therefore, Plaintiff has failed to state a claim for relief against Clarity and since he is the only member of the class identified in the Complaint, the Class Action Complaint must be dismissed. *See Simon v. Eastern Kentucky Welfare Rights Organization Eastern Kentucky Welfare Rights Organization v. Simon*, 426 U.S. 26, 40 n. 20, 48 L.Ed.2d 450, 96 S.Ct. 1917 (1976) ("[N]amed plaintiffs who represent a class "must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." *Warth v. Seldin*, 422 U.S., at 502, 95 S.Ct., at 2207, 45 L.Ed.2d, at 357.")

## II. ALLEGATIONS IN COMPLAINT

**Plaintiff's Conclusory Allegations**

1. Clarity Debt Resolution places calls to consumers to generate business. *Complaint at ¶ 15*.

2. Clarity Debt Resolution places calls using pre-recorded messages, as per Plaintiff's experience. *Id.* at ¶ 16.

3. Clarity Debt Resolution places calls to consumers who registered their phone numbers on the DNC. *Id.* at ¶ 17.

4. Plaintiff called back a number that he received a pre-recorded voicemail from, 585-488-9711, and he "was on the phone with an employee for over 30 minutes trying to confirm the name of the company behind all the voicemails." *Id.* at ¶¶ 40-41.

5. Toward the end of the call, the employee told Plaintiff that the company name is Clarity Debt Resolution and that the company is located in Irvine, California. *Id.* at ¶ 42.

6. Plaintiff Hershkowitz was not looking for any debt resolution services, or any loans. *Id.* at ¶ 43.

7. Plaintiff Hershkowitz has never consented to be called by or provided his cell number to Clarity Debt Resolution. *Id.* at ¶ 45.

8. The unauthorized solicitation calls that Plaintiff received from Defendant Clarity Debt Resolution have harmed Plaintiff Hershkowitz. *Id.* at 46.

9. The Defendant transmitted unwanted telephone calls to Plaintiff Hershkowitz and other members of the Pre-recorded No Consent Class using a pre-recorded voice message. *Id.* at ¶ 55.

10. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated telephone solicitations to telephone subscribers such as Plaintiff Hershkowitz and the Do Not Call Registry Class Member who registered their respective telephone numbers on the National Do Not Call Registry. *Id.* at ¶ 61.

## III. STANDARD OF REVIEW

Rule 8(a) requires that every pleading setting forth a claim for relief contain a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. Rule 8(d) instructs that each allegation of the pleading must be simple, concise, and direct. A complaint must provide the defendant with fair notice of what each claim is and the ground on which each claim rests. *Gomez v. Wells Fargo Bank, N.A.*, 676 F.3d 655, 665 (8th Cir. 2012).

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When analyzing a motion to dismiss, "a court must accept the allegations contained in the complaint as true and make all reasonable inferences in favor of the nonmoving party." *Martin v. Iowa*, 752 F.3d 725, 727 (8th Cir. 2014). **However, courts "need not accept as true a plaintiff's conclusory allegations or legal conclusions drawn from the facts**." *Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019)(Emphasis added). The complaint must allege sufficient facts to **"raise a right to relief above the speculative level.**" *Twombly*, 550 U.S. 544, 555 (citing 5 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 1216 at 235-236 (3d ed.

2004))(Emphasis added). "Where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co*., 524 F.3d 866, 870 (8th Cir. 2008) (*citing Parnes v. Gateway* 2000, Inc., 122 F.3d 539, 546 (8th Cir. 1997)).

## IV. ARGUMENT

### Plaintiff Fails to State a Claim For Direct or Vicarious Liability

There is not a single factual allegation that Clarity "initiated" any call allegedly made to Plaintiff. There is not a single factual allegation plausibly showing an agency relationship, apparent or actual authority, or ratification for any of the calls allegedly made to Plaintiff. Because Plaintiff fails to allege (1) that Clarity made or initiated any call; (2) that any third party acted as Clarity's agent; or (3) that Clarity ratified any conduct, the Complaint necessarily pleads pure speculation, not plausibility, and therefore, must be dismissed. *See Iqbal*, 556 U.S. at 678.

Plaintiff has carefully pleaded in his First Claim for Relief for Violation of the TCPA, 42 U.S.C. § 227 that the Defendant "**transmitted**" unwanted telephone calls to Plaintiff and others. *Complaint at ¶ 55.* What does that allegation mean? The statute provides in relevant part:

> (1)**Prohibitions** It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) **to make any call** (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice— …
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States …

42 U.S.C. § 227(b)(1)(A)(iii) (Emphasis added).

Plaintiff nowhere alleges facts permitting a plausible inference that Clarity 'made' or 'initiated' any call, as the statute and controlling precedent require. Who "made" the alleged telephone calls? To his credit, Plaintiff does not allege that Clarity "made any call" to him because there is no factual basis to make such allegation. Moreover, Plaintiff has not alleged any facts from which a factfinder could plausibly determine that Clarity **made** the alleged calls, as is required to state a claim. *See Id.* For example, Plaintiff does not allege that Clarity is named in a single voicemail allegedly left on Plaintiff's telephone. *Complaint at* ¶¶ 30, 33, 36.

Instead, Plaintiff alleges that, after receiving approximately 50 telephone calls from approximately 50 different telephone numbers, that he made one (1)telephone call to one (1) telephone number of his choosing, 585-488-9711, which allegedly mentioned the name Clarity Debt Resolution. *Complaint at* ¶ 40. Who is the owner of that one (1) telephone number Plaintiff cherry picked to call back? Plaintiff does not allege that the one (1) telephone number is associated with Defendant Clarity. Rather, Plaintiff alleges that he spoke to "**an** employee" for over 30 minutes. *Id.* at ¶41. "An employee" of whom? Plaintiff does not allege it was an employee of Clarity. So, who did Plaintiff speak with? Based on Plaintiff's Complaint, one can only speculate. What relationship, if any, does "an employee" of an unknown employer have to Defendant Clarity? What position does "an employee" have for an unknown entity by which they are allegedly employed? Would "an employee" have knowledge of the source of approximately fifty (50) other calls made by

approximately the same number of different telephone numbers alleged made to Plaintiff? Were all calls made by the same entity? Plaintiff only alleges three (3) specific voicemail transcripts from three (3) different telephone numbers, with two different messages. *Complaint at ¶¶30, 33, 36*. Would this "employee" have knowledge of the relationship between their employer and Clarity, if any? Plaintiff does not make any factual allegation as to the relationship between "an employee" or their employer and Defendant Clarity.

The "employee" presumably told Plaintiff that "the company name is Clarity Debt Resolution." *Complaint at ¶42.* What does that mean? Plaintiff does not allege that Defendant Clarity had any type of relationship with the unknown "employee," much less that there was an employer-employee relationship. There is no allegation that the "employee" was directed to make calls by Clarity. There is no allegation that the "employee" or their "employer" were agents of Clarity. There are no allegations of any relationship between the "employee" or their "employer" and Clarity. There is no allegation that Clarity had actual or apparent control over the actions of this "employee." There is no allegation that Defendant Clarity ratified the acts of the unknown entity that made the one (1) referenced telephone call that Plaintiff returned. There is no allegation that Plaintiff had any contact from Defendant Clarity as a result of the call or that he was directed to products or services offered by Clarity. There is simply no factually supported allegation that Defendant Clarity made and/or initiated the one (1) referenced telephone call from the one (1) unique telephone number in which "an employee" allegedly mentioned the name Clarity Debt Resolution, much less a factually supported allegation that any other alleged call was made and/or initiated by Defendant.

> The TCPA makes it "unlawful for any person ... to initiate any telephone call" that violates its relevant prohibitions. § 227(b)(1)(B). Thus, **to be held directly liable, the defendant must be the one who "initiates" the call**. Neither the TCPA nor the FCC rules define the term "initiate." *See In re Dish Network*, LLC , 28 F.C.C. Rcd. 6574, 6583 (2013). **But the FCC has concluded that "a person or entity 'initiates' a telephone call when it takes the steps necessary to physically place a telephone call**." *Id*. This "generally does not include persons or entities, such as third-party [entities on whose behalf the call is made], that might merely have some role, however minor, in the causal chain that results in the making of a telephone call." *Id*. **The FCC said direct TCPA liability in this context generally does not extend to sellers who do not personally make the phone calls at issue, but only includes the telemarketers acting on behalf of those sellers.** *See id*. We agree....

*Golan v. FreeEats.com, Inc*., 930 F.3d 950, 960 (8th Cir. 2019) (emphasis added).

There is no allegation in the Complaint from which the Court can infer that Defendant Clarity made any call at issue or initiated any call at issue.

Federal Rule of Civil Procedure Rule 8(a)(2) requires that the Complaint contain "a short and plain statement that the pleader is entitled to relief." How does this Complaint state that the Plaintiff is entitled to relief from Defendant Clarity? Plaintiff alleged he made one (1) telephone call to one (1) out of approximately fifty (50) telephone numbers, whose owner is unknown, during which he spoke with an unknown, unidentified person, referred to as "an employee," wherein that unidentified person mentioned the name of Defendant Clarity "toward the end of" a 30-minute discussion, the entire contents of which are omitted. Based upon that limited information based on one (1) telephone call, Defendant has been called into Court to defend a Class Action lawsuit.

This is not a novel issue before the Court. Other courts have dismissed similarly insufficient TCPA allegations. *See, e.g., Katz v. CrossCountry Mortg., LLC*, No. 1:22-CV-

00925, 2022 WL 16950481, at *5 (N.D. Ohio Nov. 15, 2022) (dismissing TCPA claim where plaintiff failed to identify source of the calls); *Reo v. Caribbean Cruise Line, Inc.*, No. 1:14 CV 1374, 2016 WL 1109042, at *5 (N.D. Ohio Mar. 18, 2016) (same).

Because both Count I and Count II of the Complaint are supposition based on speculation and do not conform to the pleading standards, and do not state a claim for relief, they must both be dismissed, and the corresponding class allegations dismissed.

In the alternative, Count II must be dismissed, because at most, the Complaint alleges that Defendant received one (1) call from an entity associated with Defendant Clarity.

> **(5) Private right of action.** A person who has received **more than one telephone call within any 12-month** period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State—
> **(A)** an action based on a violation of the regulations prescribed under this subsection to enjoin such violation,
> **(B)** an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater, or
> **(C)** both such actions.

42 U.S.C. § 227(c)(5). Plaintiff's allegation of one call from Clarity is not a violation of the statute, and, therefore, Count II of the Complaint must be dismissed in its entirety, and the corresponding class allegations must be dismissed.

## V. CONCLUSION

WHEREFORE, for the reasons set forth above, Defendant Clarity Debt Resolution, Inc. respectfully requests that this Honorable Court dismiss Plaintiff's Complaint with prejudice and order such other relief as is just and reasonable.

Respectfully submitted,

October 10, 2025

/s/ Ellen Fox Davis
Ellen Fox Davis* #9406230074 (MD)
*Counsel for Defendant*
*Clarity Debt Resolution, Inc.*
Shipkevich PLLC
521 Fifth Avenue, Ste 1700
New York, NY 10175
Tel: 301-467-4299
Fax: +1 888-568-5815
edavis@shipkevich.com
**Pro Hac Vice Appearance*